IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE MATOS, | ) | CASE NO. 1:16C703 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| v. | ) | |
| | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | **MEMORANDUM OPINION & ORDER** |
| Defendant. | ) | |

Having prevailed in obtaining a stipulated dismissal reversing and remanding the Commissioner's decision denying his application for Supplemental Security Income, Plaintiff Jose Matos ("Plaintiff") now seeks an award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $3,071.21. Doc. 19. Plaintiff seeks an award based on an hourly rate of $182.81/hour for his attorney. *Id*. Defendant filed a response in which she states that she will not be filing an objection to Plaintiff's motion. Doc. 20. As explained below, the Court concludes that an award of fees pursuant to the EAJA is warranted in this case and that Plaintiff has submitted sufficient evidentiary support to obtain an hourly rate of $182.21. Accordingly, Plaintiff's Motion for Attorney Fees Pursuant to EAJA is **GRANTED**.

### I. The EAJA Standard

The EAJA provides,

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ..., including proceedings for judicial review of agency action, brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A); *see Pierce v. Underwood*, 487 U.S. 552, 556 (1988). Thus, a prevailing party in an action against the United States can recover fees and expenses, unless the United States' position was "substantially justified" or "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see Pierce*, 487 U.S. at 556.

Here, it is undisputed that Plaintiff is the prevailing party. *See* Docs. 17, 18. *See also Shalala v. Schaefer*, 509 U.S. 292, 301 (1993) (holding that a plaintiff is the prevailing party in a sentence four remand). Plaintiff filed his motion for fees in a timely manner. *See* 28 U.S.C. §§ 2412(d)(1)(B), 2412(d)(1)(D)(2)(B).

## II. Reasonableness of Attorney Fees

In March 1996, Congress amended the EAJA by increasing the cap for hourly rates for attorney fees from $75.00 to $125.00 per hour. Pub. L. No. 104-121, 110 Stat. 847 (1996); *see Hawk v. Astrue*, No. 4:11-CV-196, 2013 WL 139799, at *1 (N.D. Ohio January 10, 2013). Now, the EAJA provides that the amount of fees awarded to a prevailing party where the United States' position is not substantially justified

> shall be based upon prevailing market rates for the kind and quality of the services furnished … attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A); *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 449-50 (6th Cir. 2009).

When a plaintiff requests an increase over the statutory cap of $125 per hour, he or she "bear[s] the burden of producing appropriate evidence to support the requested increase." *Id*. at 450 (citing *Blum v. Stenson*, 465 U.S. 886, 898 (1984)). To justify an upward departure from the statutory cap Plaintiff must satisfy the following:

> a plaintiff should submit or base her request on the following: (1) the Cleveland-Akron CPI; (2) Plaintiff's attorney's affidavit stating the attorney's usual hourly

>rate and experience; (3) a time sheet showing hours worked on the case; and (4) either (a) a practice-specific, local fee survey; or (b) an affidavit or affidavits from other social security practitioners in the area describing their experience and hourly rate; or (c) an affidavit or affidavits from other social security practitioners describing their experience and indicating that the rates sought by plaintiff's attorney are in line with prevailing rates in the Cleveland area for services by lawyers of reasonably comparable skill, experience, and reputation.

*Hall v. Comm'r of Soc. Sec.*, No. 1:12-CV-01764, 2013 WL 6797663, at *3 (N.D. Ohio December 23, 2013).

Here, Plaintiff relies on the Cleveland-Akron CPI; his attorney's affidavit and time sheets; affidavits from two other social security practitioners describing their experience and hourly rate and indicating that the rates sought by Plaintiff's attorney are in line with prevailing rates in the local area for services by lawyers of reasonably comparable skill, experience, and reputation; and a practice-specific, local fee survey. Doc. 19, Attachments 1-7. Plaintiff has submitted sufficient evidence to warrant an increase from $125.00/hr to $182.81/hr. In addition, the 16.8 hours expended by the attorney is reasonable. Therefore, the Court awards attorney fees in the amount of $3,071.21 (16.8 hours x $182.81 per hour).

Any fees paid belong to Plaintiff and can be offset to satisfy any pre-existing debt that Plaintiff owes the United States, pursuant to the decision in *Astrue v. Ratliff*, 560 U.S. 586 (2010). Therefore, the fee award shall be payable to Plaintiff. Once counsel for the parties can verify that Plaintiff owes no pre-existing debts to the United States that are subject to offset, Defendant will direct that the award be made payable to Plaintiff's attorney pursuant to the attorney's fee assignment signed by Plaintiff and his counsel (Doc. 19-8).

### III. Conclusion

For the reasons explained above, the Court **GRANTS** Plaintiff's Motion for Attorney Fees (Doc. 19); the Court awards attorney fees in the amount of $3,071.21.

Dated: November 1, 2016

　　　　　　　　　　　　　　　　　　　　　/s/ Kathleen B. Burke
　　　　　　　　　　　　　　　　　　　　　KATHLEEN B. BURKE
　　　　　　　　　　　　　　　　　　　　　U.S. Magistrate Judge